DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, has appealed from the order of the Summit County Court of Common Pleas granting Appellee, Oran H. Baumeister, judicial release. This Court reverses.
 I {¶ 2} On September 29, 2005, Baumeister was sentenced to serve a total of two years in prison for aggravated vehicular homicide, pursuant to R.C. 2903.06(A)(1), and for driving while under the influence, pursuant to R.C. 4511.19(A)(1)(a). On May 15, 2007, Baumeister filed a motion for judicial release requesting an oral hearing on the motion. On June 14, 2007, the trial court *Page 2 
granted Baumeister's motion without holding a hearing and suspended the remainder of his sentence. The State appeals the trial court's order, raising one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING JUDICIAL RELEASE."
 {¶ 3} The State argues that the trial court erroneously granted Baumeister judicial release without first holding a hearing and making certain required findings pursuant to R.C. 2929.20. We agree.
 {¶ 4} An appellate court considers an appeal from a trial court's interpretation and application of a statute de novo. State v.Sufronko (1995), 105 Ohio App.3d 504, 506. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 5} R.C. 2929.20 governs the granting of judicial release and the revocation thereof in the event that a defendant violates a condition of the release. A defendant who has been granted judicial release has previously been ordered to serve a prison term as part of the original sentence. "R.C. 2929.20(B) provides that upon motion, the trial court may reduce the eligible offender's stated prison term, i.e., the original prison sentence, through early judicial release." (Emphasis omitted.) State v. McConnell (2001), 143 Ohio App.3d 219, 222. *Page 3 
 {¶ 6} At the time of Baumeister's sentencing, R.C. 2929.20 provided, in part:
 "(C) Upon receipt of a timely motion for judicial release filed by an eligible offender * * * made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. * * * A hearing under this section shall be conducted in open court within sixty days after the date on which the motion is filed[.]"
A trial court has the discretion to decide that a hearing is not necessary and to summarily deny an eligible offender's motion. State v.Dower (Jan. 12, 2000), 9th Dist. No. 99CA007375, at *1. However, the plain language of the statute prohibits a trial court from granting judicial release without first holding a hearing in open court. R.C.2929.20(C).
 {¶ 7} Moreover, R.C. 2929.20 requires the trial court to make two additional findings on the record for first or second degree felonies when those felonies carry a presumption of a prison term. R.C.2929.20(H). Before the trial court can order judicial release, it must specify on the record that:
 "[A] sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism; [and]
 "[A] sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than *Page 4 
conduct normally constituting the offense." R.C. 2929.20(H)(1)(a)-(b).
R.C. 2929.13(D) clarifies that for a felony of the second degree, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing[.]"
 {¶ 8} The court below erred as a matter of law in granting Baumeister's motion for judicial release without holding a hearing. See R.C. 2929.20(C). Additionally, the court's brief journal entry only contained an order that Baumeister's sentence be suspended and that he be released. The court's entry did not include any reasoning or support for the order. Baumeister's aggravated vehicular homicide conviction constituted a felony of the second degree. See R.C. 2903.06(B)(2)(a). Thus, under R.C. 2929.20(H), the trial court had a duty to make certain findings on the record before ordering a judicial release. Because the trial court failed to hold the statutory mandated hearing and make the similarly mandatory findings pursuant to R.C. 2929.20, we find that the trial court erred in granting the motion for judicial release. The State's sole assignment of error has merit.
 III *Page 5 {¶ 9} The State's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellee. *Page 6 
 SLABY, P. J, DICKINSON, J., CONCUR *Page 1