DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff/Appellant, State of Ohio, appeals the decision of the Lorain County Court of Common Pleas granting judicial release to Defendant/Appellee, James A. Kennedy. We reverse and remand.
 {¶ 2} Defendant was indicted and convicted, after pleading guilty, to three counts of burglary in violation of R.C. 2911.12, third-degree felonies; two counts of receiving stolen property in violation of R.C.2913.51, fourth-degree felonies; one county of possessing of criminal tools in violation of R.C. 2923.24, a fifth-degree felony; and one count of engaging in a pattern of corrupt activity in *Page 2 
violation of R.C. 2923.32, a first-degree felony. Defendant was sentenced to an aggregate ten year term of imprisonment.
 {¶ 3} On October 30, 2007, Defendant filed a motion for judicial release. The State opposed Defendant's motion on November 7, 2007. On November 13, 2007, a hearing was held during which the trial court heard argument from both Defendant and the State. On November 16, 2007, the trial court granted Defendant's motion for judicial release. The State timely appealed the trial court's November 16, 2007 order and raises one assignment of error.
 Assignment of Error "The trial court erred when it granted [Defendant's] motion for judicial release."
 {¶ 4} The State asserts that the trial court erred when it entered its November 16, 2007 order without the findings required by R.C. 2929.20. The State then maintains that because R.C. 2929.20(C) (the "one hearing rule") prohibits a second judicial release hearing, "the trial court may not conduct another hearing to address the inaccuracies of the first hearing." Thus, the State argues, this Court must reverse the trial court's order and return Defendant to prison.
 {¶ 5} Defendant does not dispute that the trial court's failure to enter findings pursuant to R.C. 2929.20(H) "constitutes error." Defendant does dispute the remedy suggested by the State. Defendant argues that a remand in this situation is not a "second hearing" that would be prohibited by R.C. 2929.20(C). *Page 3 
Defendant argues that trial court need only engage in a "ministerial act of entering its findings on the record [and] such would be a continuation of the original hearing that has yet to be completed because of the omission from the record." Defendant notes that the purpose of the one hearing rule was to give each defendant only one bite at the apple per sentence and to prevent an offender from being granted judicial release a second time for the same sentence if Defendant were to violate the conditions of a judicial release. Defendant maintains that neither of these undesirable scenarios exists here and that Defendant should not be precluded from the benefit of judicial release because of the trial court's procedural error.
 {¶ 6} As we stated in State v. Baumeister, 9th Dist. No. 23805,2008-Ohio-110:
 "An appellate court considers an appeal from a trial court's interpretation and application of a statute de novo. State v. Sufronko (1995), 105 Ohio App.3d 504, 506. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 "R.C. 2929.20 governs the granting of judicial release and the revocation thereof in the event that a defendant violates a condition of the release. A defendant who has been granted judicial release has previously been ordered to serve a prison term as part of the original sentence. `R.C. 2929.20(B) provides that upon motion, the trial court may reduce the eligible offender's stated prison term, i.e., the original prison sentence, through early judicial release.' (Emphasis omitted.)" Baumeister at ¶ 4-5, quoting State v. McConnell (2001), 143 Ohio App.3d 219, 222. *Page 4 
 {¶ 7} "Moreover, R.C. 2929.20 requires the trial court to make two additional findings on the record for first or second degree felonies when those felonies carry a presumption of a prison term. R.C. 2929.20(H)." Baumeister at ¶ 7. Before granting a motion for judicial release, the trial court must find on the record:
 "(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism; [and]
 "(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense." R.C. 2929.20(H)(1)(a) and (b).
 {¶ 8} Here, the State argues and Defendant concedes that the trial court failed to make the requisite judicial findings in its November 16, 2007 order. We agree and hold that such failure is error. SeeBaumeister at ¶ 8. However, we do not agree with the State that our only remedy is to reverse the trial court and return Defendant to prison because of the rule set forth in R.C. 2929.20(C).
 {¶ 9} R.C. 2929.20(C) states:
 "(C) Upon receipt of a timely motion for judicial release * * * * [t]he court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the *Page 5 
court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender."
 {¶ 10} This Court has never addressed this issue, but, under the facts of this case, we adopt the reasoning and analysis set forth by the Twelfth and Fifth Districts. In State v. Baker (Jun. 5, 2000), 12th Dist. No. CA-2000-01-02, the court held that pursuant to R.C.2929.20(C), "[t]he trial court is allowed to hold only one such hearing for any given eligible offender while that offender is serving a sentence." Baker at *1. The import of this rule is that "if judicial release is granted to an offender after a hearing and if the offender then violates the conditions of the judicial release and is redelivered to prison, the offender may not be granted judicial release a second time from the same sentence." Id. at *2.
 {¶ 11} In State v. Sherman (Jun. 20, 2001), 5th Dist. No. 01CA3, the trial court disagreed with the State's argument "that the trial court erred by granting appellee judicial release after previously conducting a hearing on an earlier motion for judicial release." Sherman at *2. InSherman, the appellee withdrew his motion for judicial release after hearing but before a decision was rendered. The Sherman court noted that "the text [of R.C. 2929.20(C)] envisions that a `hearing' must be sealed with a final decision." Id. Moreover, there was no evidence of an "attempt by appellee to abuse the aforesaid statutory process; he brought with him no previous `denials' of judicial release when he appeared on his second motion." Id. *Page 6 
 {¶ 12} Here, Defendant has been granted judicial release and is no longer serving a prison sentence. Moreover, this is not a case in which Defendant violated the terms of a prior judicial release and is seeking a second judicial release. The trial court erred in failing to include R.C. 2929.20(H) findings. Accordingly, Defendant did not have a hearing that was "sealed with a final decision." Sherman at *2. Defendant was never denied judicial release. Finally, as noted by the State, the parties were "unable to address the issue of the trial court's failure to make the requisite findings in support of [Defendant's] judicial release from incarceration on the record and/or the entry because the matter had been adjourned by the trial court. No other opportunity was afforded for the parties to appear on the record prior to the trial court issuing its decision of November 13, 2007." Because Defendant was not denied judicial release and did not violate the terms of a previously entered judicial release, the trial court will not violate the one hearing rule by either conducting a new hearing or issuing an order that complies with R.C. 2929.20(H).
 {¶ 13} Based on the foregoing, the State's assignment of error is sustained and this matter is reversed for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 CARR, P. J., DICKINSON, J., CONCUR. *Page 1