DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} David Bilbrey had served almost two years in prison when the Lorain County Common Pleas Court granted him judicial release. The State has appealed and argued that the trial court incorrectly failed to make the findings required by statute on the record in open court and that the findings it made in its written order did not meet the requirements for judicial release. This Court affirms because the trial court properly made the statutory findings and did not abuse its discretion in granting judicial release.
 FACTS {¶ 2} Mr. Bilbrey pleaded guilty to five offenses stemming from his trafficking in marijuana. The trial court sentenced him to serve concurrent two year sentences on four third degree felonies and three years on one second degree felony. *Page 2 
 {¶ 3} Over the next two years, Mr. Bilbrey moved for judicial release several times; the trial court denied each motion without holding a hearing. Finally, the trial court held a hearing on his motion in December 2007. The parties made arguments to the trial court and the investigating officer addressed the court and provided additional information about Mr. Bilbrey's criminal offenses. A week after the hearing, the trial court granted Mr. Bilbrey's motion. The State has appealed, assigning two errors.
 JUDICIAL RELEASE FINDINGS {¶ 4} The State's first assignment of error is that the trial court failed to make the findings required to grant judicial release. The thrust of the State's argument is that the trial court was required to state its findings on the record in open court and, having failed to do that, its decision must be reversed.
 {¶ 5} Section 2929.20 of the Ohio Revised Code authorizes a trial court to reduce the sentence of an eligible offender. At issue here is Section 2929.20(H), which provides:
 (H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, . . . unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing. *Page 3 
 {¶ 6} The State has argued that Section 2929.20(H)(2) requires the trial court to state its (H)(1) findings on the record, or, in other words, in open court. Its reading of the statute, however, is too literal; the findings do not need to be stated orally on the record. Section 2929.20(C) requires the trial court, after holding a hearing, to "enter a ruling on the motion within ten days after the hearing." This section does not require an oral recitation of findings before the trial court enters its ruling. Section 2953.08(F)(4) of the Ohio Revised Code provides additional support for this conclusion. That section provides that the record on appeal of a sentence shall include "[a]ny written findings that the court was required to make in connection with the modification of the sentence pursuant to a judicial release under division (H) of section 2929.20 of the Revised Code."
 {¶ 7} This Court has held that the findings may be stated on the record or in the trial court's written ruling on the motion. InState v. Kennedy, 9th Dist. No. 07CA009284, 2008-Ohio-1990, ¶ 8, this Court accepted the State's argument that the trial court erred when it failed to include the required findings in its ruling on the motion. This Court held that, upon remand, the trial court could either hold a hearing or issue an order that complied with R.C. 2929.20(H).Id at ¶ 12.
 {¶ 8} The trial court was not required to state oral findings at the judicial release hearing. The court did not err by setting forth its findings in a journal entry granting the motion. The State's first assignment of error is overruled.
 ADEQUACY OF FINDINGS {¶ 9} The State's second assignment of error is that the trial court's findings contained in the journal entry were insufficient to be the findings required by Section 2929.20(H)(1). For *Page 4 
an offender like Mr. Bilbrey, imprisoned for a second degree felony, the trial court had to make the findings required by Section 2929.20(H)(1)(a) and (b).
 {¶ 10} This Court's standard of review is set forth in Section 2953.08(G)(2) of the Ohio Revised Code. This court "shall review the record, including the findings underlying the sentence or modification given by the sentencing court." Id. Section 2953.08(G)(2) continues that this Court may modify or vacate a sentence and remand to the sentencing court. The statute specifically provides that this Court should not use the abuse of discretion standard. Instead, this Court may modify or vacate the sentence and remand "if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under . . . division (H) of section 2929.20
of the Revised Code[;]" or "(b) That the sentence is otherwise contrary to law." As recently stated by another court, "The standard of review set forth in R.C. 2953.08(G)(2) places the burden on the state to make an affirmative showing of error by clear and convincing evidence."State v. Costlow, 8th Dist. No. 89501, 2008-Ohio-1097, at ¶ 15. According to the Supreme Court, clear and convincing evidence is "that measure or degree of proof which will produce . . . a firm belief or conviction as to the allegations sought to be established." Cross v.Ledford, 161 Ohio St. 469, 477 (1954).
 {¶ 11} The first finding the trial court had to make, under Section 2929.20(H)(1)(a), was that "a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism." The trial court concluded that community control sanctions, coupled with 23 months he had already served in prison, would adequately punish Mr. Bilbrey. The trial court found the balance of factors indicated a lesser likelihood of recidivism because (1) Mr. *Page 5 
Bilbrey's prison adjustment was "exemplary in terms of his conduct, work evaluations, and program involvement," (2) the offense was committed under circumstances unlikely to recur, (3) he had shown genuine remorse for his criminal offense, (4) he demonstrated his rehabilitation and readiness for return to society, (5) he has not served any prior prison sentences.
 {¶ 12} This Court has reviewed the entire record. The evidence the trial court relied on is contained in the record on appeal. That evidence supports the trial court's conclusion that community control, rather than prison, would adequately punish Mr. Bilbrey and protect the public from future criminal violations.
 {¶ 13} The second finding the trial court had to make, under Section 2929.20(H)(1)(b), was that "a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense." The trial court found that the offense was more serious because it was part of an organized criminal activity. Balanced against this factor, the trial court found that Mr. Bilbrey did not cause or expect to cause physical harm to persons or property.
 {¶ 14} Again, this Court has reviewed the entire record and the evidence upon which the trial court has relied appears in the record. That evidence supports the trial court's decision. Although unstated in the trial court's entry, it appears to have recognized that it would not be unusual for offenses like trafficking in marijuana and engaging in a pattern of corrupt activity to be a part of an organized criminal activity. With this in mind, the trial court could have properly considered the facts of the case and concluded that the fact that Mr. Bilbrey did not cause or expect to cause physical harm to persons or property to be a weightier factor. Mr. Bilbrey *Page 6 
already served a considerable amount of time in prison, and the trial court ordered five years of intensive supervision. Accordingly, the evidence supports the trial court's decision that a sanction other than a prison term would not demean the seriousness of the offense.
 {¶ 15} This Court has reviewed the record, including the trial court's findings, and it cannot clearly and convincingly find either that the record does not support the sentencing court's findings under Section 2929.20(H) or that the sentence is contrary to law. Accordingly, the State's second assignment of error is overruled.
 CONCLUSION {¶ 16} The trial court properly included findings in its journal entry and those findings were adequate to support the trial court's decision. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 7 
Costs taxed to appellant.
WHITMORE, J. CONCURS
 MOORE, P. J. CONCURS IN JUDGMENT ONLY *Page 1