[Cite as *State v. Cook*, 2012-Ohio-4250.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26360 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES L. COOK, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 10 2937 |

DECISION AND JOURNAL ENTRY

Dated: September 19, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Charles Cook, Jr., appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I

{¶2} On November 3, 2011, Cook and his girlfriend, Melissa Sammons, were drinking at a local restaurant. When they decided to leave, Sammons gave her car keys to Cook so that he could drive them home. On the way home, they were involved in a single car, rollover accident. The police responded to a neighbor's 911 call and found Cook in the driver's seat, unresponsive. Sammons was slumped over in the passenger's seat and was also unconscious. Cook and Sammons were transported to the hospital, where a nurse drew blood from both of them to determine their blood alcohol levels. Cook had a blood alcohol level of .189, and Sammons a level of .104. Sammons suffered two fractured transverse processes (bones that are attached to the spine) and a broken rib.

{¶3}   Cook was indicted on (1) aggravated vehicular assault in violation of R.C. 2903.08(A)(1), a felony of the third degree, (2) two counts of operating under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a)/(f), misdemeanors of the first degree, and (3) failure to control in violation of R.C. 4511.202, a minor misdemeanor.  The case proceeded to trial and a jury found Cook guilty of aggravated vehicular assault and the two OVI charges.  The court sentenced him to three years for aggravated vehicular assault and merged the two OVI counts.  The court also found Cook guilty of failure to control and imposed a $100 fine, but waived the fine because it found Cook to be indigent.  The sentencing entry further required Cook to pay the costs of the prosecution.

{¶4}   Cook now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ITS JURY INSTRUCTIONS.

{¶5}   In his first assignment of error, Cook argues that the "[c]ourt's answer to the jury's question was an erroneous misstatement of law, which was neither correct nor complete," and that the answer misled the jury and denied him his right to a fair trial.  We disagree.

{¶6}   "A trial court must give jury instructions which are a correct and complete statement of the law." *Sharp v. Norfolk & Western Railway Co.*, 72 Ohio St.3d 307, 312 (1995). When reviewing questions of law, we apply a de novo standard of review. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992).  "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Baumeister*, 9th Dist. No. 23805, 2008-Ohio-110, ¶ 4.

{¶7} During deliberations, the jury submitted two questions to the court. The first question, and the only one relevant to this appeal, was:

> We have some jurors that feel Ms. Sammons, that's the victim who was hurt in the accident, is responsible for her injuries by giving the keys of her vehicle to Mr. Cook and asking him to drive. How much weight does this hold on count one [aggravated vehicular assault]?

Over the objection of defense counsel, the court responded:

> How much weight to be given any piece of evidence is in the province of the jury. There may be more than one cause for the injuries to Ms. Sammons. If the defendant's conduct was the proximate cause of the injuries, then other causes are not a defense.

{¶8} Cook specifically takes issue with the court's use of the term "proximate cause." Cook argues the court's prior instructions to the jury did not include the term "proximate cause."

{¶9} The jury instructions given prior to deliberations included standard language on causation from the Ohio Jury Instructions. "Cause is defined as an act or failure to act which in a natural and continu[ous] sequence directly produces the serious physical harm to her and without which it would not have occurred." The court continued on to explain that the defendant is responsible for all natural and foreseeable consequences of his actions, not merely the immediate results, and that "if [the] defendant's act or failure to act was one cause, then the existence of other causes is not a defense."

{¶10} The jury was also instructed on the offense of aggravated vehicular assault. R.C. 2903.08(A)(1)(a) provides that "[n]o person, while operating * * * a motor vehicle, * * * shall cause serious physical harm to another person * * * [a]s the proximate result of [driving under the influence of alcohol]." The language in count one of Cook's indictment, which was read to the jury, tracked the language of the statute.

{¶11} The response to the jury's question was consistent with the statute. The court's response stated that: "[i]f the defendant's conduct [of driving drunk] was the proximate cause of the injuries, then other causes are not a defense." Furthermore, the court had properly instructed the jury on causation when it said: "[c]ause is defined as an act or failure to act which in a natural and continu[ous] sequence *directly produces* the serious physical harm * * *." (Emphasis added.)

{¶12} A defendant is guilty of aggravated vehicular assault if he or she causes serious physical harm to another person as the proximate result of driving under the influence. R.C. 2903.08(A)(1). Cook fails to explain how the court's use of "proximate cause" instead of "proximate result" in its answer to the jury's question makes any difference. This Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, * 8 (May 6, 1998).

{¶13} We cannot conclude that the court's response to the jury question was a misstatement of the law. The court's use of "proximate cause" tracked the language of the statute. Accordingly, Cook's first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST COOK WHEN IT DID NOT IMPOSE THOSE COSTS IN OPEN COURT AND WITHOUT COMPLYING WITH R.C. 2947.23(A).

{¶14} In his second assignment of error, Cook argues that the court erred when it imposed court costs without giving him the opportunity to request the costs be waived. The State concedes that the trial court erred and we agree.

"R.C. 2947.23 mandates that the trial court assess the cost of prosecution against a convicted criminal defendant." *State v. Payne*, 9th Dist. No. 21178, 2003-Ohio-1140, ¶ 15. Yet, a trial court must orally inform a defendant of his obligation to pay costs at the time of sentencing so as to give the defendant an opportunity to claim indigency and seek a waiver of payment. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. * * * A trial court commits reversible error when it imposes costs or attorney fees against a defendant in the absence of such a notification. *Joseph* at ¶ 22; *State v. Warner*, 9th Dist. No. 96CA006534, 2001 WL 1155698, *3-4 (Sept. 21, 2001). The appropriate remedy for such an error as to costs is a "remand * * * to the trial court for the limited purpose of allowing [the defendant] to move the court for a waiver of the payment of court costs." *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, ¶ 32, quoting *Joseph* at ¶ 23.

*State v. Miller*, 9th Dist. Nos. 10CA009922 & 10CA009915, 2012-Ohio-1263, ¶ 96.

{¶15} The record reflects that the trial court imposed costs upon Cook in its sentencing entry, but did not orally inform him of his obligation to pay costs at the time of sentencing. Cook, therefore, did not have the opportunity to claim an inability to pay based on his indigency. His second assignment of error is sustained and the matter is remanded to allow him to seek a waiver of court costs. *Joseph* at ¶ 23.

III

{¶16} Cook's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded to allow Cook to seek a waiver of court costs.

Judgment affirmed in part,
reversed in part,
and cause remanded

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶17} I concur in the majority's judgment. However, I disagree that the trial court's answer to the jury's question was a correct statement of the law.

{¶18} Mr. Cook was charged with violating R.C. 2903.08(A)(1)(a), which provides that "[n]o person, while operating or participating in the operation of a motor vehicle, * * * shall cause serious physical harm to another person * * * [a]s the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance[.]" The jurors questioned whether they could consider the effect of Ms.

Sammons' giving the keys to Mr. Cook. The trial court told the jury that, "[i]f the defendant's conduct was the proximate cause of the injuries, then the other causes are not a defense."[1] However, the statute requires only that a person cause injury to another person, not that the person's actions be the proximate cause of the injury. Thus, if the evidence demonstrated beyond a reasonable doubt that Mr. Cook *caused* serious physical harm to Ms. Sammons, then it could find that the first portion of the statute was satisfied. Therefore, the trial court's answer to the jury was not a correct statement of the law.

{¶19} While Mr. Cook is correct that the trial court's answer to the jury was a misstatement of law, he appears to believe that any misstatement of the law in instructions to the jury constitutes reversible error. However, "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). The trial court's instruction that Mr. Cook's conduct must be the proximate cause of Ms. Sammons' injuries actually was beneficial to him because it allowed the jury to consider whether other causes were the proximate cause of her injuries rather than merely deciding whether he caused an injury to her while driving. In other words, in looking at the concept of proximate cause, the trial court potentially opened the door for the jury to consider whether Ms. Sammons was actually the proximate cause of her injuries, given that she handed the keys to Mr. Cook, knowing he had been drinking. Therefore, I would conclude that, even though the instruction was incorrect, it constituted harmless error. *See id.*

{¶20} Accordingly, I concur in the judgment.

---

[1] The majority, by paraphrasing the trial court's statement, suggests that that the trial court's answer to the jury may be construed as specifically referring to Mr. Cook's intoxication rather than his conduct generally. However, the language of the court is broad and does not limit or qualify the word "conduct."

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.